COHEN v. GOLD CREEK, NEV., MIN. CO.

(Circuit Court, D. Nevada. July 10, 1899.) .

No. 670.

1. RECEIVER FOR MINING CORPORATION—APPOINTMENT AT SUIT OF STOCKHOLDER —RIGHTS OF CREDITORS.

A court will not withhold the property of a private corporation from the enforcement against it of liens and judgments of creditors by a receiver appointed at the instance of a stockholder in a suit brought ostensibly in behalf of all stockholders and creditors, unless the appointment of the receiver is followed by action indicating a purpose in good faith to secure the speedy payment of creditors; and where, in such a suit, a receiver was appointed, on the filing of the bill, for a corporation engaged in operating a mine, and required to make monthly reports, and after the lapse of six months no reports had been filed, no appearance entered by the corporation, and no further action taken by the' complainant, a creditor whose lien on property of the corporation had been established by the decree of a state court will be permitted to enforce such lien.

2. SAME—APPOINTMENT IN DIFFERENT DISTRICTS—POWERS OF COURT IN SECOND SUIT.

Where the same person has been appointed receiver for a private corporation by two federal courts in different districts, as to property entirely within one district, he is subject wholly to the control of the court in that district; and the fact that the suit in such district was instituted after the other does not render it ancillary in such sense as to authorize the receiver to deal with property within the jurisdiction of that court without its consent, or to require a creditor having a lien on such property alone to go into the other district to assert his rights.

On Motion to Compel Receiver to Pay Money to Judgment Creditor.

L. R. Rogers, for petitioner.
Reddy, Campbell & Metson, for complainant.

HAWLEY, District Judge (orally). On January 28, 1899, the complainant, a stockholder in the Gold Creek, Nev., Mining Company, the corporation defendant herein, for himself and all other stockholders and creditors who may choose to become parties to this suit and contribute to the expense thereof, filed his bill of complaint, alleging, among other things, that the corporation has acquired valuable mining property in the county of Elko, state of Nevada, and has expended in the development thereof about $400,000; that from unprecedented droughts, and other causes, it has been deprived of

water for two seasons, and has been prevented from prosecuting its mining operations; that there exist judgments and other liens and claims against the property of the corporation; that some of the judgments are based upon mechanics' liens on separate and distinct portions of its property, such as its canals, reservoirs, etc.; that, if sales of such separate portions were made under separate executions, the property would not bring a fraction of its real value as a whole; that great loss and injury would occur to the stockholders and creditors of the corporation,—and for these and divers other reasons prayed for and obtained an order appointing a receiver to take charge of, manage, and control the property of the corporation, and conduct and carry on its business of mining, etc. No other stockholder, or any creditor of the corporation, has appeared in this suit to avail themselves of the privilege granted, of contributing to the expense in order to share in the benefits. Prior to the filing of the bill of complaint in this court, a similar suit was commenced by complainant in the United States circuit court for the Northern district of California, and the bill in this district alleges that:

"On the 27th day of January, 1899, upon an application duly made and verified, Adelbert H. Steele was by the Honorable W. W. Morrow, judge of the circuit court of the United States in and for the Ninth circuit, Northern district of California, appointed receiver of the above-named corporation, for the purpose of conducting and carrying on the business of said corporation, as receiver thereof; and your orator prays that this honorable court make a like order authorizing said receiver to conduct and carry on the business of said corporation, and control the property thereof within the state of Nevada and the jurisdiction of this honorable court."

In the order made by Judge Morrow, said Steele was appointed receiver of all the property "now in the possession of, and owned, operated, or controlled by, the said corporation, situate in the state of Nevada or elsewhere." After requiring the officers and employés to obey and conform to such orders as may be given by the receiver in conducting operations upon the property of the corporation, the order proceeds:

"And each and every of such officers, directors, agents, and employés of the said Gold Creek, Nevada, Mining Company, and all other persons whatsoever, are hereby enjoined from interfering in any way whatever with the possession of any part of the property over which the receiver is hereby appointed, or interfering in any way to prevent the discharge of his duty, or in operating the said property under the court's order."

In the suit brought in this district, an order was made appointing Steele receiver of all the property of the corporation "situate in the state of Nevada," within the jurisdiction of this court. Petitioner comes into court and moves that the receiver herein be forthwith ordered to pay to petitioner the amount of its judgment and decree against the defendant, and that, in default of so doing, it be permitted, under the judgment, decree, and execution of the district court of the Fourth judicial district of the state of Nevada, in and for the county of Elko, to advertise and sell the property, subject to its lien, in due form of law.

It appears from the moving papers that under a contract entered into April 29, 1897, the defendant had become indebted to petitioner

for work and labor performed and materials furnished in the construction of certain reservoirs, canals, ditches, etc.; that petitioner duly, and within proper time, filed its lien upon the property for the money due upon said contract, in the county of Elko, where the property was situate, under and in pursuance of "An act to secure liens to mechanics and others" (Gen. St. Nev. §§ 3808, 3827), and thereafter, by due course of procedure, on March 4, 1898, obtained a judgment and decree in the state court for the sum of $14,615.35, and costs of suit, taxed at $529.05, with interest thereon at the rate of 7 per cent. per annum, and for the payment thereof it was decreed that the petitioner have a mechanic's lien upon the property therein mentioned and described; that this judgment and decree has become final.

I am of opinion, that the petitioner is entitled to the relief asked for. Up to the time of the filing of the present motion, this court was unadvised of any action taken by the receiver herein. In fact, no steps have been taken in the suit since the filing of the bill and the issuance of a summons. The records of this court do not show that the defendant corporation has ever been served with process. It has made no appearance. Under the order of this court appointing the receiver, he was required "to open proper books of account, wherein shall be stated the earnings, expenses, receipts, and disbursements of his said trust, and preserve vouchers for all payments paid by him on account thereof, and to file in this court monthly receipts of his disbursements." No such reports have ever been filed in this court. It was the duty of the receiver to obey the orders of this court. He is an officer of this court, and the court is, to a certain extent, responsible for his action in the premises. Moreover, by the express order of this court authorizing him to take possession, manage, and control the property of the corporation, he was, "at liberty from time to time to make application to the court for such further order or direction as to the operation of said property in his charge in said state of Nevada, or in the performance of his duties in connection therewith, as in his judgment may be necessary." His bond filed in this court is "conditioned for the proper discharge of his duties, and to account for all funds coming into his hands according to the orders of this court." He seems to have entertained the opinion that it was unnecessary for him to file any report in this court, because the suit brought herein was, as claimed by counsel appearing for the complainant, merely ancillary to the suit instituted in the United States circuit court for the Northern district of California. In his affidavit filed upon the hearing of this motion, after setting out the orders appointing him receiver by the circuit court in California, and by this court, he says:

"That deponent has, in pursuance of said orders, taken possession of the property of said company, and is now carrying on the business of mining therein under a working contract made by him, approved by the circuit court, Northern district of California, for the current season of 1899; that, as he is advised, the many operations now in progress upon the property of said corporation are likely to be successful, and that the prospects of a good return therefrom are bright; that, to carry on the operations of said company pursuant to the order of this court, it is absolutely necessary that the deponent have the

benefit of the water now contained and being received in the reservoirs and canals and other property of the said corporation; * * * that, if the said motion be granted, the entire object of the proceeding and suits in equity, which were instituted for the benefit, not only of the stockholders, but to preserve the rights unimpaired of the respective creditors of said corporation, will be nullified; that no steps have been taken or are contemplated, or, as he is advised and believes, can be taken, by deponent, which will in any way impair or defeat the judgment and lien of the said creditors, the Corey Bros., in the premises, nor affect the priority thereof."

This is the first time that this court had any information that he had entered upon his duties as receiver. He never informed this court that he had made any contract for the working of the property, or asked this court to approve his action in so doing. The affidavit does not state whether he has received any money under the contract or not. It does not show that any effort is being made to pay off, settle, or compromise any of the existing liens upon the property of the corporation. It does state that he has not taken any steps that will in any way "impair or defeat the judgment and lien" of the Corey Bros., "nor affect the priority thereof." The fact that the receiver says he does not intend to do any act that will defeat petitioner's judgment is wholly immaterial. It is not within his power to impair or defeat the lien of petitioner. The appointment of a receiver does not invest him or the court with any authority to displace vested contract liens. This can never be done except in extreme and exceptional cases. Kneeland v. Trust Co., 136 U. S. 89, 97, 10 Sup. Ct. 950; Thomas v. Car Co., 149 U. S. 95, 111, 13 Sup. Ct. 824; Virginia & A. Coal Co. v. Central Railroad & Banking Co. of Georgia, 170 U. S. 355, 370, 18 Sup. Ct. 657; High, Rec. § 440.

Petitioner desires that steps be taken to pay its claim. It contends that this court should not appoint a receiver simply "to hinder and delay creditors." That seems to have been the only object which has been thus far accomplished by the appointment of the receiver. The machinery of this court cannot be used for any such purpose. It is the duty of this court to protect itself as well as the receiver and the creditors and stockholders of the corporation. In Fosdick v. Schall, 99 U. S. 235, 253, the court said:

"The appointment of a receiver is not a matter of strict right. Such an application always calls for the exercise of judicial discretion, and the chancellor should so mold his order that, while favoring one, injustice is not done to another. If this cannot be accomplished, the application should ordinarily be denied."

See, also, 5 Thomp. Corp. §§ 6823, 6826.

The delay of the receiver to make any report of his acts is, in a measure, the delay of the court; and, as was said in New England R. Co. v. Carnegie Steel Co., 21 C. C. A. 219, 75 Fed. 54, 58, "the court will, of course, protect [itself] against its own delay whenever practicable to do so." It cannot afford to delay the enforcement of legal liens against the property of the corporation upon the grounds set forth in the affidavit of the receiver. No showing has been made that would justify this court in refusing the relief asked for by petitioner. Six months have elapsed without any action having been taken by the receiver to protect the court in appointing him. The

court is entitled to a showing of good faith on his part to do those things necessary to be done in order to protect the stockholders and creditors of the corporation. The showing made is wholly insufficient. Neither the appointment of a receiver nor the issuance of an injunction should be sustained by the court where it is apparent, or left in doubt as to whether or not they were obtained for any other purpose than delay. The negligence and delay of the complainant, at whose instance the receiver was appointed, in failing to procure service to be made on the corporation, might of itself be sufficient to justify the court in discharging the receiver. High, Rec. § 843.

It is not, and, of course, could not be, claimed that this court has no jurisdiction in the premises. The suggestion of complainant's counsel that, the circuit court of the Northern district of California having first appointed the receiver, and having afterwards approved a contract made by him for the purpose of working the mining property owned by the corporation in Elko county, Nev., the application of petitioner should be made to that court, is without merit. This contention cannot be sustained upon reason or authority. The property upon which the petitioner has its lien is situate wholly within the state of Nevada, and is within the jurisdiction of this court. If all of the property was situate in the state of Nevada, why was the suit first brought in California? If the strong arm of the circuit court of California has vitality enough to reach Nevada, and extend elsewhere, in enforcing its injunction, why should complainant apply in Nevada for any further protection? If the circuit court in Nevada is powerless to act, why was the suit instituted in this district? If the property of the corporation was situate partly in California and partly in Nevada, then the two suits could be readily accounted for, and one might be said to be ancillary to the other; and if, in such a situation, the circuit court in California had approved a contract made by the receiver, this court would not be likely to interfere with such an order. But that is not this case. In fact, there is nothing in this court to show that the corporation has any property within the Northern district of California. Ancillary suits or proceedings are usually in aid of suits or proceedings previously instituted. For instance, if a railroad corporation, operating its line of road through different districts, becomes insolvent, and a receiver is appointed in one district, and suits are thereafter brought in other districts in which the line of the railroad exists, it might be to the best interests of all concerned that the courts should, and they usually do, appoint the same person as receiver to take possession of, and control the property in their respective jurisdictions. The suits and the receivers in such cases may be said to be ancillary to the suit first instituted; but each court, in its sound discretion, even in such cases, has the power to appoint its own receiver, and in either event the court making the appointment has control over its receiver as to the acts performed within its jurisdiction. 1 Fost. Fed. Prac. § 242. In the present case no public interests are involved. The defendant is a private corporation engaged in conducting a private business, and any order against the receiver in this district which this court might make with reference to the property of the corporation

situate wholly within the state of Nevada would not affect the property situate in the Northern district of California, if there is any, within the jurisdiction where the receiver was first appointed. It would be unjust and inequitable, under the facts of this case, to compel the creditors of the corporation having liens against its property in this state to go into another jurisdiction in order to have their rights protected. If petitioner is entitled to any relief, it should be given by this court. I am of opinion that it is the duty of this court to act upon petitioner's motion, independent of any action that has been taken in the circuit court of the Northern district of California. The receiver will be given until Monday, August 14, 1899, to pay the amount due upon petitioner's judgment. With this qualification, a decree will be entered granting the relief prayed for by petitioner.